Sheila R. Schwager, ISB No. 5059
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com

Attorney for Creditor Orion Health Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>IDAHO HEALTH DATA EXCHANGE, INC.,<br><br>             Debtor | Case No. 22-00355-JMM<br><br>Chapter 11, Subchapter V |

### STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH, INC.

Creditor Orion Health, Inc., ("**Orion Health**") by and through its attorneys of record

Hawley Troxell Ennis & Hawley LLP; the Debtor Idaho Health Data Exchange, Inc.,

("**Debtor**"), by and through its attorneys of record Johnson May; and the SubChapter V Trustee

("**Trustee**"), hereby stipulate to the modification of the terms of the plan treatment of Orion

Health as set forth in the SubChapter V Debtor' Plan of Reorganization, Dkt. No. 31 ("**Plan**"),

based upon the following terms and grounds:

STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH,
INC. - 1

1.      In the Plan, the Debtor proposes to assume the executory contract entered into with Orion Health ("**Orion Contract**"), but instead of curing the default and paying the obligation under the executory contract in accordance with the terms, as set forth in 11 U.S.C. § 365, the Debtor proposes to pay $2,281,100.43[1], plus accrued and accruing interest, and attorney fees and costs ("**Obligation**") over a period of time.  Under the terms of the Orion Contract, the Obligation was to be paid at $46,112.33 per month, at an interest rate of 7% per annum, with all remaining amounts due and owing on March 1, 2027.  The Debtor has represented to Orion Health that it is necessary to pay the Obligation over a longer period of time at a reduced monthly amount, as the Debtor will not have sufficient cash flow to operate and pay the Obligation pursuant to the terms of the Orion Contract.  The Debtor has informed Orion Health that if an acceptable workout agreement is not reached between the Parties, and Orion Health insists on a complete cure of the executory contract default, then the Debtor will not be able to continue with its operations.

2.      The Plan initially proposes to pay Orion Health's Obligation at five percent (5%) per annum, over one hundred twenty (120) months (ten years), at $15,000 per month, with a balloon payment then due and owing in full.

---

[1] As set forth in the Proof of Claim filed by Orion Health dated October 20, 2022.  Such amount has additional interest, attorney fees, and costs that have accrued since October 20, 2022. To the extent any payments have been made by the Debtor to the amounts set forth in the Proof of Claim, the Obligation will be reduced accordingly.

STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH, INC. - 2

3.      The Debtor and Orion Health have reached an agreement to pay Orion Health's

Obligation as follows:

    a.  Attorney fees and costs incurred by Orion Health shall be added to the

        principal of the outstanding Obligation;

    b.  Principal shall accrue interest at five percent (5%) per annum;

    c.  There shall be no pre-payment penalty;

    d.  Upon the confirmation of the Plan, the Debtor shall make monthly payments

        of Eighteen Thousand Dollars ($18,000) paid on the 1st day of each month, for

        the first twenty-four months (years 1-2);

    e.  Commencing the 1st day of the twenty-fifth month following the confirmation

        of the Plan, the Debtor shall increase the monthly payment to Twenty

        Thousand Dollars ($20,000), for the next thirty-six months (years 3-5);

    f.  Commencing on the 1st day of the sixty-first month following confirmation of

        the Plan, the monthly payments shall be increased to Twenty-five Thousand

        Dollars ($25,000), for the next twenty-three months (years 6-7); and

    g.  All remaining principal, interest, and fees are due no later than the 1st day of

        the eighty-fourth month following confirmation of the Plan.

4.      The Parties agree to expedite the move of all of the operations to a single

electronic platform and to use best efforts and endeavors to have the move completed by May 1,

2023.

5.      The Debtor shall continue to pay the Saas Fee of $60,000, as it becomes due

under the terms of the existing Orion Contract.

STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH,
INC. - 3

6.    The Debtor shall be current on all SaaS Fees due under the Orion Contract as of January 30, 2023, and will remain current thereafter.

7.    All fees for additional professional services as set forth in a Statement of Work or Change Request ("**PCN(s)**") shall continue to be paid in accordance with the terms of the Orion Contract, unless Orion Health otherwise agrees in a signed writing.

8.    There shall be no grace periods for payments owed to Orion Health under the Orion Contract, as modified by the terms herein, but the Debtor shall have the Cure Period as set forth below.

9.    So long as the automatic stay is applicable to the Debtor, the Debtor hereby agrees that if the Debtor fails to remit any of the payments required under the terms of the Orion Contract, as modified by the terms herein, or to otherwise comply with the Plan terms, as modified herein, then Orion Health is entitled to immediately stay any obligation to affirmatively provide additional services as set forth in an existing, new, or requested PCN, and if the Debtor does not cure the default within fourteen (14) days after written notice is mailed and emailed to Debtor ("**Cure Period**"), then the Debtor hereby agrees that upon Orion Health filing an affidavit with the above-captioned U.S. Bankruptcy Court representing that the default has not been cured, and subject to the Court determining otherwise, Orion Health is entitled to an order terminating the automatic stay pursuant to 11 U.S.C. § 362, as against Orion Health and as against the Orion Contract. The Debtor agrees the order shall entitle Orion Health to terminate the Orion Contract, without further judicial proceedings. This agreement is intended to survive the closing, dismissal, or conversion of the bankruptcy case.

STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH, INC. - 4

10.    Orion Health will, concurrently herewith, return a ballot voting in favor of the

Plan, with the intent that it is agreeing to the Plan terms, as modified herein.

Wherefore the Parties hereto stipulate that the Debtor's proposed Plan is hereby modified

to incorporate the terms set forth herein.

DATED THIS 25th day of January, 2023.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Sheila R. Schwager, ISB No. ISB No. 5059
Attorney for Creditor Orion Health Inc.

DATED THIS 25th day of
January, 2023.

JOHNSON MAY

By  /s/ Matthew T. Christensen, *authorized via
email dated 1.25.23*
Matthew T. Christensen, ISB No. 7213
Attorney for Debtor, Idaho Health Data Exchange,
Inc.

DATED THIS 25th day of January,

2023.

SUB-CHAPTER V TRUSTEE

By   /s/ Matthew W. Grimshaw, *authorized via
email dated 1.25.23*
Matthew W. Grimshaw

STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH,
INC. - 5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2023, I electronically filed the foregoing STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH, INC., with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Jason Ronald Naess | Jason.r.naess@usdoj.gov |
| U.S. Trustee | Ustp.region18.bs.ecf@usdoj.gov |
| Matthew Todd Christensen | mtc@johnsonmaylaw.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Nicole C. Hancock | Nicole.hancock@stoel.com |
| J.B. Evans | Jb.evans@stoel.com |
| Jaclyn T. Gans | jtg@elamburke.com |

Sheila R. Schwager

STIPULATION REGARDING PLAN TREATMENT OF ORION HEALTH, INC. - 6

60435.0001.15415828.1