Matthew W. Grimshaw, #10716
GRIMSHAW LAW GROUP, P.C.
800 W. Main Street, Ste. 1460
Boise, Idaho 83702
(208) 391-7860
matt@grimshawlawgroup.com

Subchapter V Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>IDAHO HEALTH DATA EXCHANGE, INC.,<br><br>Debtor. | Case No. 22-00355-JMM<br><br>Chapter 11 (Subchapter V) |

SUBCHAPTER V TRUSTEE'S RECOMMENDATION
REGARDING PLAN CONFIRMATION

In response to (1) Debtor's Plan of Reorganization, Dkt. 31 ("Plan"); (2) the United States Trustee's Objection to the Plan, Dkt. 44 ("UST Objection"); (3) Cureous Innovations' amended Objection to the Plan, Dkt. 48 ("Cureous Objection," and together with the UST Objection, the "Objections"); (4) Debtor's Ballot Summary, Dkt. 56; and (5) Debtor's Pre-Confirmation Report, Dkt. 57, the Subchapter V Trustee ("Trustee") respectfully states as follows:

Summary of Trustee's Position:

1.  The Plan has certain deficiencies and is not yet ready for confirmation. For example, in light of the Objections and the voting, the Debtor must use §1191(b) to seek confirmation of the Plan. However, the Plan does not satisfy §1191(b) because it fails to address remedies available to creditors if there is a default. 11 U.S.C. §§1191(b) and

(c)(3)(B).

2. The Plan's deficiencies can be remedied via an amended plan, which Debtor seeks leave to file. The Trustee recommends that the Court allow the Debtor to amend the Plan.

Confirmation Issues:

3. 11 U.S.C. §1190: The Plan contains a brief history of the Debtor's business, a liquidation analysis, and cash flow projections. *See Plan, pgs. 2-5 & Exs. D & F*; 11 U.S.C. §1190(1). The Cureous Objection asserts that the history provided by the Debtor is inadequate as it is too one-sided. It is unclear whether such an objection could be the sole basis for barring confirmation. Nonetheless, this is an issue that can be addressed through a plan amendment.

4. The Plan requires that Debtor dedicate all its income to pay creditors. *See Article 3.2*; 11 U.S.C. §1190(2).

5. 11 U.S.C. §1191(a) & (b). In light of the Objections and the voting, the Plan can only be confirmed under 11 U.S.C. §1191(b). Since the Plan does not address the remedies available if there is a default, it cannot be confirmed. 11 U.S.C. §§1191(b) and 1191(c)(3)(B).

6. 11 U.S.C. §1129. Although the Plan complies with most of the provisions of §1129, there are some deficiencies. For example, the Objections raise issues under §1129(a)(7). Specifically, the Objections question whether creditors other than Orion will receive an amount equal to what would be provided to them through a Chapter 7 liquidation. Additionally, the Objections question whether Plan is feasible under §1129(a)(11).

7.      Debtor proposes to address some, and potentially all, of the issues raised in the Objections via an amended plan. The Trustee supports the request.

8.      In sum, the Trustee recommends that the Court deny confirmation of the Plan and grant the Debtor leave to file an amended plan.

Dated: <u>February 6, 2023</u>

SUBCHAPTER V TRUSTEE

By: <u>/s/ Matthew W. Grimshaw</u>
      Matthew W. Grimshaw

CERTIFICATE OF MAILING

I certify that on February 6, 2023, the foregoing *Subchapter V Trustee's Recommendation Regarding Plan Confirmation* was filed electronically through the Bankruptcy Court's CM/ECF filing system, and upon such filing the CM/ECF registered participants in this case were served by electronic means as more fully reflected on the Notice of Electronic Filing.

- US Trustee – ustp.region18.bs.ecf@usdoj.gov
- Matthew T. Christensen – mtc@johnsonmaylaw.com
- Jaclyn T. Gans – jtg@elamburke.com
- Nicole C. Hancock – nicole.hancock@stoel.com
- Jason Naess – jason.r.naess@usdoj.gov
- Shelia R. Schwager – sschwager@hawleytroxell.com

/s/ Matthew W. Grimshaw
Matthew W. Grimshaw