Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
550 W. Fort St., Ste. 698
Boise, Idaho 83724
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re: | Case No. 22-00355-JMM |
| IDAHO HEALTH DATA EXCHANGE, INC., | Chapter 11 (Subchapter V) |
| Debtor | |

**UNITED STATES TRUSTEE'S OBJECTION[1] TO CONFIRMATION OF SUBCHAPTER V DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

The Acting United States Trustee ("UST"), objects to confirmation of the Subchapter V Debtor's ("Debtor" or "IHDE") First Amended Plan of Reorganization, Docket No. 68 (the "Amended Plan"), on the grounds identified below.[2]

In general, debtors – even Subchapter V debtors – must prove, by a preponderance of the evidence, that their Chapter 11 Plan meets all applicable requirements of § 1129(a). *See* § 1191. There are some limited exceptions to § 1129(a) compliance in the Subchapter V context,

---

[1] By making this Objection, the UST in no way waives its rights to file a motion to dismiss or convert, a motion to remove the debtor in possession, or to take any other civil or criminal enforcement action deemed appropriate based on the facts and circumstances highlighted in this Objection.

[2] The UST reserves the right to raise additional objections at the time of hearing.

depending on whether a plan is confirmed consensually or non-consensually. *Id.* The UST asserts none of those exceptions applies to this Objection. As stated by the Ninth Circuit, "The burden of proposing a plan that satisfies the requirements of the Code always falls on the party proposing it, but it falls particularly heavily on the debtor-in-possession or trustee since they stand in a fiduciary relationship to the estate's creditors." *Everett v. Perez (In re Perez)*, 30 F.3d 1209, 1214 n.5 (9th Cir.1994); *see also Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 787 F.2d 1352, 1358 (9th Cir. 1986).

**1.  The Amended Plan does not meet the requirements of §§ 1129(a)(1) and (a)(2)**

Section 1129(a)(1) requires a plan to comply with the applicable provisions of the Bankruptcy Code. Section 1129(a)(2), in turn, requires Code compliance by a plan's proponent – in this case, the Debtor. The Debtor and its Amended Plan are out of compliance with the Code because (1) Debtor made unauthorized postpetition payments of some Class 3 creditors' prepetition claims; (2) Debtor's favorable payment of those claims is not similar to the treatment of other claims in Class 3, and the disparate treatment has not been clearly and conspicuously disclosed so as to allow the other Class 3 creditors to knowingly agree to their less favorable treatment under the Amended Plan, in violation of § 1123(a)(4); and (3) Debtor has not complied with it responsibility to file accurate Monthly Operating Reports ("MORs").

   **A.  *Unauthorized Postpetition Payments to Two Prepetition Nonpriorty Unsecured Creditors.***

   i.  <u>4medica, Inc., and Amazon Web Services are Creditors with Prepetition Claims</u>

In general, a debtor's schedule of liabilities constitutes prima facie evidence of the validity and amount of the claims of creditors, unless the claims are scheduled as disputed, contingent, or unliquidated. Rule 3003(b)(1). If a creditor's claim is scheduled, and is not marked as disputed, contingent, or unliquidated, the creditor is excused from having to file a

proof of claim and its claim will be treated as an allowed claim, for the scheduled amount, for the purposes of voting on, and distribution under, a chapter 11 plan. *See* Rule 3003(b)(1), (c)(2). If a creditor files a proof of claim, the proof of claim is prima facie evidence of the validity and amount of the claim unless successfully objected to. *See* Rule 3001(f).

Debtor has thirteen creditors. *See* Dkt. No. 1, Sch. E/F; Dkt. No. 68 at 60. In its Schedules, Debtor identified all as holding nonpriority unsecured claims. Dkt. No. 1. Notably, Debtor listed the following claims without marking either of them as disputed, contingent, or unliquidated:

| Creditor | Schedule E/F Amount |
|---|---|
| 4medica, Inc. | $45,000.00 |
| Amazon Web Services | $3,418.06 |

Dkt. No. 1 at, Sch. E/F. Nine of Debtor's other general unsecured creditors were also scheduled without the Debtor marking the claims as disputed, contingent, or unliquidated. Dkt. No. 1, Sch. E/F. The few creditors whose claims were marked as disputed and unliquidated each filed proofs of claim. *See* Dkt. No. 1, Sch. E/F; Proofs of Claim 2, 5. Debtor has only objected to the claim of one creditor: Cureous. *See* Adv. Pro. 22-06018-JMM, Dkt. No. 1.

Until an order is entered regarding the Cureous claim objection,[3] all of Debtor's creditors, including 4medica, Inc. ("4medica") and Amazon Web Services ("AWS"), have claims against the estate to be addressed by Debtor's Amended Plan.

    ii. <u>Debtor Paid 4medica's and AWS' Prepetition Claims in Full After the Bankruptcy Was Commenced</u>

The Liquidation Analysis attached to Exhibit F of the Amended Plan indicates that, if the

---

[3] The UST recognizes Debtor and Cureous are attempting to resolve the claim objection issue via a compromise. *See* Dkt. No. 71. In the event the compromise is approved, all creditors, with the exception of Cureous, will have a claim against Debtor going forward. Regardless of the outcome of the objection to Cureous' claim or Debtor's compromise with Cureous, 4medica and AWS appear to both have valid claims against the Debtor.

Bankruptcy Case were converted to a hypothetical chapter 7 case, no payments would be made to either 4medica or AWS. Dkt. No. 68 at 60. A Note to the Liquidation Analysis explains: "4Medica and Amazon Web Services were paid as continuing contracts." *Id.* In other words, despite its duty of impartiality to all creditors, Debtor apparently paid the claims of two creditors in full outside of a confirmed plan or other authorization from the Court. *See id*. The combined claims of those preferred creditors totaled nearly $50,000. *Id.*

The UST can find nowhere else in the Amended Plan where the postpetition payments of 4medica's and AWS' prepetition debt is disclosed. *See generally* Dkt. No. 68. Likewise, there is no disclosure of those unauthorized payments in the initially filed Plan of Reorganization, including in that Plan's liquidation analysis. Dkt. No. 31. Neither 4medica nor AWS were identified as having executory contracts with the Debtor. *See* Dkt. Nos. 1, 31, 68.

    iii.   The Code Requires a Duty of Impartiality

Chapter 11 debtors are debtors in possession, with a fiduciary duty to serve the interests of all the creditors of the estate. *See Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. of Cal. (In re Guy F. Atkinson Co. of Cal.)*, 242 B.R. 497, 502-03 (9th Cir. BAP 1999). Among the duties owed to creditors as a result of that fiduciary relationship is a duty of impartiality. *In re Bowman*, 181 B.R. 836, 843 (Bankr. D. Md. 1995). The Bankruptcy Code does not allow preferential payment of some prepetition obligations over others in contravention of the Code's claims priority scheme or outside of a confirmed plan of reorganization. *See* §§ 1123(a)(4); 507; 726; *see also In re Berry Good, LLC*, 400 B.R. 741, 746 (Bankr. D. Ariz. 2008) (citing *B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.)*, 713 F.2d 534, 537 (9th Cir. 1983); *Gordon v. Hines (In re Hines)*, 147 F.3d 1185, 1191 (9th Cir. 1998)). In this way, prepetition creditors' rights are recognized and protected under a systematic approach where

US Trustee Objection to Confirmation - 4

every creditor will be treated fairly with other similarly situated creditors. *See generally id.*

The postpetition payment of 4medica's and AWS' claims is unfair and contrary to the orderly reorganization process established by the Code. In addition, aside from a Note to the Liquidation Analysis on the last page of Debtor's Amended Plan, there is no mention of the payments to 4medica or AWS in the Amended Plan. *See* Dkt. No. 68. There is also no mention of a § 549 action to recover the unauthorized postpetition transfers, no indication of an attempt to have the unauthorized transfers retroactively authorized, or any language conspicuously disclosing the disparate treatment of 4medica and AWS such as might allow the Debtor to attempt to get agreement to the different treatment from substantially similar creditors who are receiving less favorable treatment under the Amended Plan.[4] The Amended Plan implicitly accepts and incorporates the unauthorized payments by failing to address them in any way and Debtor and its Amended Plan are out of compliance with the Code. As a result, the Amended Plan cannot be confirmed. *See* § 1129(a)(1), (2).

### B. The Amended Plan Does Not Comply With § 1123(a)(4)

The requirement that a debtor in possession be impartial and respect the Code's priority scheme is incorporated into chapter 11's requirement that each claim or interest of a particular class be provided the same treatment under a plan "unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." § 123(a)(4). As to classification of claims in the first place, a court must first determine whether claims, including separately classified claims, are substantially similar to each other, considering the

---

[4] Even if the Debtor were to revise the Amended Plan to attempt to remedy the unauthorized postpetition payments in one of these ways, it is unknown at this time whether the UST would object to such attempts. The UST would need to analyze the appropriateness of such approaches after reviewing a request. These examples are provided merely to highlight the absence of any attempt to remedy or even address the unauthorized payments in the Amended Plan. The UST reserves all rights to object to any attempt to remedy the unauthorized payments if such objection appears warranted by the Code, Rules, or case law interpreting the same.

US Trustee Objection to Confirmation - 5

"kind, species, or character of each category of claims," in doing so. *Wells Fargo Bank, N.A. v. Loop 76, LLC (In re Loop 76, LLC)*, 465 B.R. 525, 536-37 (9th Cir. BAP 2012) (quoting *Steelcase v. Johnston (In re Johnston),* 21 F.3d 323, 327 (9th Cir. 1994)). If claims are substantially similar, in order to separately classify those claims, a debtor must show a business or economic justification for the separate classification and the separate classification must be deemed to have some purpose other than solely to gerrymander an affirmative vote on the plan. *Id.*; *Bakarat v. Life Ins. Co. of Va. (In re Bakarat)*, 99 F.3d 1520, 1526 (9th Cir. 1996).

Debtor's Schedules include only nonpriority unsecured claims. Dkt. No. 1. There are no scheduled secured claims or priority unsecured claims. *Id.* Nonetheless, the Amended Plan identifies four classes of claims. Dkt. No. 68.

Class 1 contains the claim of Cureous Innovation ("Cureous"), which Debtor now classifies as a secured claim and seeks to treat differently from its other nonpriority unsecured claims due to Cureous filing an objected-to proof of claim as a secured creditor; Debtor and Cureous engaging in ongoing litigation; and Debtor and Cureous recently entering a compromise to resolve their disputes (the "Cureous Compromise"). Dkt. No. 68 at 7. The UST has objected to approval of the Cureous Compromise prior to confirmation of a plan due to concerns about the adequacy of the notice and information presented to parties in interest prior to those parties' consideration of the compromise. Dkt. No. 77. Parties in interest were provided information based on calculations that did not account for the unauthorized payments to 4medica and AWS. *See* Dkt. Nos. 71, 77. Because those calculations can change based on if and how Debtor attempts to remedy the unauthorized transactions with 4medica and AWS, approval of the Cureous Compromise is premature unless and until parties in interest are provided updated and more accurate disclosures in connection with their consideration of the compromise and

Debtor's plan.

Class 2 of the Amended Plan includes the claim of Orion Health which, although not Scheduled as an Executory Contract, Debtor contends should be separately classified from all other creditors because there is a promissory note executory contract between the Debtor and Orion. *See* Dkt. No. 1, Sch. G; Dkt. No. 68 at 9.

Class 3 is a General Unsecured Class. Because their claims are not treated elsewhere in the Amended Plan and are nonpriority general unsecured claims, the same as nearly every other creditor's claim in this case, the claims of 4medica and AWS are presumed to be part of Class 3. The treatment of 4medica and AWS under the Amended Plan, however, is unclear because the Amended Plan does not specifically identify or address which claims are included in Class 3; the presumption, then, must be that, if a claim is not classified separately in either Class 1 or 2,[5] it is included in Class 3. 4medica's and AWS' claims are not included in either Class 1 or 2.

If the Debtor intended to separately classify 4medica's and AWS' claims, it would need to explain why those creditors' claims are not substantially similar to the claims of all other nonpriority unsecured creditors. Alternatively, the Debtor would need to identify the business or economic justification warranting separate classification of 4medica's and AWS' claims in spite of their substantial similarity to other claims. On the other hand, if the Debtor intends to keep 4medica's and AWS' claims as part of Class 3 but wishes to treat those claims differently from all other nonpriority unsecured creditors' claims, such must be done conspicuously so that creditors receiving less favorable treatment can, with appropriate and fulsome disclosure, choose whether to agree to that less favorable treatment. *See* § 1123(a)(4).

Because the Amended Plan currently appears to include 4medica's and AWS' claims in

---

[5] Class 4 includes only Equity Security Holders and/or the Debtor. *See* Dkt. No. 68 at 10.

US Trustee Objection to Confirmation - 7

Class 3, but does not appear to treat their claims similarly to other members of Class 3, *i.e.,* 4medica's and AWS' claims are paid in full while other Class 3 members' claims will be paid significantly less, the Amended Plan does not comply with § 1123(a)(4) and cannot be confirmed.   *See* § 1129(a)(1).

### C. The Debtor Has Not Complied with the Code's Requirements Regarding MORs

#### i. The Code Requires Timely and Accurate Monthly Operating Reports

Among a debtor's duties upon commencement of a Chapter 11 case is the responsibility to file periodic reports and summaries of the operation of the debtor-in-possession's business. §§ 1106(a)(1); 704(a)(8).   Inherent in the requirement to file such reports is a duty to ensure such reports are accurate.   "Filing a piece of paper is meaningless if the content is inaccurate, misleading, or wrong, thus the content of these documents is always relevant."   *In re Hoyle*, 2013 WL 210254 at *10 (Bankr. D. Idaho Jan. 17, 2013) (quoting *In re Tucker*, 411 B.R. 530, 532 (Bankr. S.D. Ga. 2009)).   Without accurate reports, the UST, creditors, and the Court cannot determine when a debtor is, among other things, transferring assets without authorization. *In re Whetten*, 473 B.R. 380, 383-84 (Bankr. D. Colo. 2012).   As stated by this Court in *In re Hoyle*:

> Whether Debtor deliberately concealed financial activities, or inadvertently misreported them due to a poor understanding of accounting principles or bankruptcy requirements, the result remains the same.   Creditors, the UST and the Court could not accurately and timely gauge Debtor's financial situation, the profitability of Debtor's business, Debtor's ability to live within the budget he set, his compliance with the Code and Rules, or the feasibility of his chapter 11 plan.   Even if Debtor did not deliberately file misleading reports, Debtor had a responsibility to file complete and accurate reports.

2013 WL 210254 at *10.

IHDE has filed eight MORs since this case commenced and has used Official Form

425C: Monthly Operating Report for Small Business Under Chapter 11 to do so.  *See* Dkt. Nos. 28, 29, 38, 42, 45, 62, 65, 78.  Each such MOR was signed by a responsible party, Jesse Meldru, declaring under penalty of perjury that, to the best of his knowledge, the MORs were true, correct, and complete.  *Id.*  Question 17 on each MOR asked: "Have you paid any bills you owed before you filed bankruptcy?"  *Id.*  In response, on each report, Debtor marked a box indicating "No."  *Id.*

      ii.   <u>Debtor's Monthly Operating Reports Were Inaccurate</u>

When the Debtor marked that payments had been made toward prepetition bills, and then filed the MORs containing that statement during each successive month since the commencement of the case, if the Note to the Amended Plan's Liquidation Analysis is correct, at least some of the MORs are inaccurate because the Debtor indicates that, sometime postpetition, it paid nearly $50,000.00 in prepetition bills.  *Compare* Dkt. No. 68 at 60 *with* Dkt. Nos. 28, 29, 38, 42, 45, 62, 65, 78.  The Amended Plan cannot be confirmed unless and until the Debtor files revised, correct MORs and all parties in interest receive full, complete, and conspicuous disclosure of when and how much Debtor paid prepetition debts after the commencement of the case.

## CONCLUSION

For the reasons specified above, the UST respectfully requests that confirmation of the Amended Plan be denied.

Date: May 2, 2023        GREGORY M. GARVIN
                                  Acting United States Trustee for Region 18

                                  <u>/s/ Jason R. Naess</u>
                                  JASON R. NAESS,
                                  Attorney for the Acting United States Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___May 2, 2023___ I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Date: __May 2, 2023_____

                                              _____/s/_____
                                              JASON R. NAESS