Matthew T. Christensen, ISB: 7213
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho  83702
Telephone: (208) 384-8588
Facsimile:  (208) 629-0157
Email: mtc@johnsonmaylaw.com

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>IDAHO HEALTH DATA EXCHANGE, INC.,<br><br>          Debtor. | Case No. 22-00355-JMM<br><br>DEBTOR'S RESPONSE TO UST'S OBJECTION TO MOTION FOR APPROVAL OF COMPROMISE |

The Debtor, Idaho Health Data Exchange, Inc. ("IHDE") by and through its counsel of record, JOHNSON MAY, responds to the United States Trustee's objection (Docket No. 77 – the "Objection") to the Debtor's Motion for Approval of Compromise (Docket No. 71 – the "Motion").

The Debtor's Motion seeks approval of a negotiated compromise between the Debtor and Cureous Innovations.  As the court will recall, Cureous Innovations filed pre-petition litigation against the Debtor and successfully executed a pre-judgment writ of attachment against approximately $470,000.00 from the Debtor's bank account.  Those funds continue to be held by the Ada County Sheriff.  The compromise motion sought approval of a settlement agreement that would return approximately $235,000.00 of those funds to the Debtor, which the Debtor needs in order to successfully continue operating.  The Objection is largely based on issues identified in the

Debtor's Amended Chapter 11 Plan (Docket No. 68) related to the Debtor's calculations of the amounts which unsecured creditors (including Cureous) would receive from the Amended Plan, if confirmed.    As calculated in the Debtor's Plan, general unsecured creditors will receive approximately 24% of their total claim amount, while Cureous will receive approximately 25% of its claim amount through the compromise (Cureous would not be paid anything under the Plan other than its recovery from the garnished funds).

The Objection is based on the post-petition treatment of 3 of the creditors listed on the Debtor's original schedules – Amazon Web Services ("AWS"), 4Medica, and Paramount Consulting Solutions.    None of those creditors were included in the Debtor's calculations supporting the 24% distribution to general unsecured creditors under its Amended Plan.    The Objection argues that, to the extent those creditors received post-petition payments by the Debtor, they were unauthorized post-petition payments (potentially subject to clawback litigation pursuant to 11 U.S.C. § 549) and those creditors should therefore be included in the calculation of plan payments.    Alternatively, (with regard to Paramount) the reasons for not including that creditor in the plan calculation is unclear.

With regard to Paramount, this is the company through which Jesse Meldru provides services to the Debtor.    Meldru is the Debtor's current executive director, previously servicing as the director of finance.    His company, Paramount, was owed funds on the petition date, but Meldru has helpfully chosen to waive any further claim for the pre-petition amounts due.    To that end, a Proof of Claim was recently filed for Paramount, claiming $0.00 owed by the Debtor.    See Proof of Claim No. 6.    Based on no amount being claimed by that creditor, it was not included in the plan calculations.

With regard to AWS and 4Medica, these creditors are both software or web hosting providers for the Debtor.  AWS is a monthly payment the Debtor pays to continue the web hosting service for its internet-based health data software solutions.  The contract with AWS is an executory contract which provides service on a monthly basis in return for a monthly payment.  The amount originally scheduled as owed to AWS was included because it was listed on the Debtor's books as an account payable on the petition date.  However, the amount owed was just the next month's payment, which was not actually due until the post-petition period – in other words, not actually a pre-petition debt.  To that end, the Debtor recently filed amended schedules to clarify the amount owed to AWS on the petition date ($0.00), as well as AWS' status as an executory contract party.  *See* Docket No. 84.

4Medica is slightly more complicated, but similar to AWS.  4Medica is a software provider that was providing the Debtor a license to use the software as part of their operation and provide access to the Debtor's users.  The Debtor agreed to pay for the ongoing software services as invoiced by 4Medica.  Originally, the payment terms were set up as yearly payments, with 4Medica invoicing the Debtor for an entire year at a time.  In March 2022 (pre-petition), the Debtor and 4Medica agreed to change the invoice period from an annual fee payment to a quarterly fee payment.  After that date, 4Medica provided a quarterly invoice to the Debtor for each payment.

On the petition date, the Debtor had the remaining obligation under then then-current contract on its payables list as a payable ($45,000.00 – the unpaid amount of the contract price).  This is why 4Medica was originally listed as a creditor.  However, at the time of the petition, it was not actually a payable yet - the September 2022 and January 2023 installments had not yet been invoiced or become due.  Again, the Debtor recently filed amended schedules to clarify the

DEBTOR'S RESPONSE TO UST'S OBJECTION TO MOTION FOR APPROVAL OF COMPROMISE – Page 3

amount owed to 4Medica on the petition date ($0.00), as well as list 4Medica as an executory contract party. *See* Docket No. 84.

Thus, all three of these parties (AWS, 4Medica, and Paramount) were (a) properly excluded from the Debtor's plan calculation of percentages payable to general unsecured creditors, (b) not improperly paid any post-petition funds on pre-petition claims, and (c) not subject to clawback of the payments made post-petition. The Debtor asserts that the post-petition payments were proper post-petition business expenses of operating the Debtor's business and therefore don't serve a basis for objecting to the compromise with Cureous.

There may remain some objection that Cureous, through the compromise, is receiving 1% better on its claim than the remaining unsecured creditors. For the reasons outlined in the Motion (including Cureous' potential security interest and the Debtor's potential inability to recover the garnished funds), this 1% difference in ultimate payment is justified.

Lastly, there appears to be some confusion regarding whether the Debtor is paying Cureous, or whether Cureous is allowing funds be paid back to the Debtor. To be sure, Cureous garnished the funds pursuant to applicable Idaho state law and court orders entered by the Idaho state court. The funds were properly being held by the Ada County Sheriff. Through the compromise, the Debtor is not paying anything directly to Cureous. The Sheriff will be releasing funds, partly to the Debtor and partly to Cureous.

/

/

/

/

/

DEBTOR'S RESPONSE TO UST'S OBJECTION TO MOTION FOR APPROVAL OF COMPROMISE – Page 4

In conclusion, the US Trustee's objection should be overruled, and this Court should approve the compromise between the Debtor and Cureous.[1]

DATED this 11th day of May, 2023.

/s/  Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for the Debtor


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2023, I filed the foregoing DEBTOR'S RESPONSE TO UST'S OBJECTION TO MOTION FOR APPROVAL OF COMPROMISE electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Jon B Evans | jb.evans@stoel.com |
| Jaclyn T. Gans | jtg@elamburke.com |
| Matthew W Grimshaw | matt@grimshawlawgroup.com |
| Nicole C Hancock | nicole.hancock@stoel.com |
| Chad Moody | crm@johnsonmaylaw.com |
| Jason Ronald Naess | jason.r.naess@usdoj.gov |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |

Any others as listed on the Court's ECF Notice.

/s/  Matt Christensen
Matthew T. Christensen

---

[1] It should also be noted that the pending objections to confirmation by the US Trustee also deal with these same issues. Further, the pending ballots rejecting the Debtor's proposed Chapter 11 Plan are also contingent on the Court approval of the compromise. If the compromise is approved, Cureous' plan objections are withdrawn, and Cureous' ballot will be amended to accept the Plan.