Matthew T. Christensen, ISB: 7213
JOHNSON MAY
199 N. Capitol Blvd., Ste. 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile:  (208) 629-2157
Email: mtc@johnsonmaylaw.com

*Attorney for Debtor in Possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 22-00355-JMM |
|---|---|
| IDAHO HEALTH DATA EXCHANGE, INC., | Chapter 11 (Subchapter V) |
| Debtor. | |

## DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT

Idaho Health Data Exchange, Inc. (the "Debtor"), the Debtor-in-possession in the above referenced bankruptcy case, by and through its counsel of record, JOHNSON MAY, and pursuant to Local Bankr. R. 3020.1(b), files this Chapter 11 Pre-confirmation Report ("Report"). The Debtor filed an Amended Plan of Reorganization on March 29, 2023 (Docket No. 68 – hereinafter the "Plan"). Confirmation of the Plan is scheduled for May 16, 2023, at 9:30 a.m., mountain time.

Concurrent with this Report, the Debtor has filed a ballot summary. The summary shows that one class votes to accept the plan, and two classes (including all creditors holding an allowed claim) voted to reject the plan. However, the rejecting classes are due to two votes, one from Cureous Innovations, and one from SPUR Capital. Both of these ballots are contingent on court approval of the pending compromise between the Debtor and Cureous. If the compromise is approved, those ballots will be changed to accept the plan. As of the date of this Report, two

DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT – Page 1

objections to the Debtor's Plan have been filed. *See Dkt Nos.* 80, 81.[1]  The Debtor understands the Subchapter V Trustee will be recommending confirmation of the Plan as in the best interest of creditors.

Debtor believes that the requirements of 11 U.S.C. § 1129 as applicably incorporated by §§ 1190-1194 are satisfied by the Plan.  Below, as required under Local Bankr. R. 3020.1(b), the Debtor sets forth the following: the applicable subsections of 11 U.S.C. §1191, which incorporates, in substantial part, §1129; the Debtor's satisfaction of each relevant subsection (if applicable); and the specific objections (if any) related to the Code sections.

## **PRELIMINARY ISSUES**

As a preliminary matter, the Debtor notes that there is a currently-pending compromise between the estate and Cureous Innovations.  *See* Docket No. 71.  No creditors objected to the compromise motion.  However, the United States Trustee filed an objection.  *See* Docket No. 77.  The Debtor has addressed the US Trustee's objection in a separate pleading (*see* Docket No. 85) and believes it has addressed all issues raised by the US Trustee's objection.  Much of the US Trustee's objection to the compromise is also included in its objection to the Debtor's Plan.  Consequently, the Debtor's response to the compromise objection is incorporated here as a response to the plan objection as well.  Further, if the compromise is approved by this Court, the Debtor asserts that approval of the compromise resolves many of the objections to the Plan

---

[1] Cureous Innovations filed a conditional objection to confirmation (conditioned on Court approval of the compromise with Cureous). *See* Docket No. 80.  Cureous's conditional objection to the current plan incorporates its prior objection to the Debtor's previous plan. *See* Docket No. 48.  In turn, Cureous' prior objection incorporated the US Trustee's objections to the Debtor's prior plan, including a liquidation-analysis objection, and a feasibility objection.  *See* Docket Nos. 44 and 48.  The Debtor asserts that the Amended Plan addressed these two prior US Trustee objections (as evidenced by the US Trustee's current objection not including those prior objections), so these two prior objections incorporated by Cureous into its current conditional objection are not specifically addressed in this Pre-confirmation Report.

DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT – Page 2

(including all of the objections conditionally raised by Cureous), and will result in fully consenting ballots, allowing a consensual plan to be confirmed pursuant to 11 U.S.C. § 1191(a).

Finally, the Debtor notes that it has objected to Cureous' claim. *See* Adv. Case No. 22-06018-JMM. Whether Cureous' claim is a general unsecured claim or a secured claim (or both), the claim is currently unallowed.

## 11 U.S.C. §1129(a) ISSUES

Debtor believes that the issues to be determined at the confirmation hearing may be disputed (depending on the outcome of the Cureous compromise), and that confirmation of the Plan may nonetheless occur without further dispute or delay.

1.  <u>11 U.S.C. §1129(a)(1): The plan complies with the applicable provisions of this title.</u> The United States Trustee's objection raised issues under this section of the Code. First, the US Trustee objects that the Debtor made unauthorized post-petition payments on pre-petition debts. The Debtor has addressed this argument in its Response to the objection to compromise (Docket No. 85) and those arguments are incorporated herein. In short, the Debtor did not make unauthorized payments on pre-petition debts because the debts in question were not pre-petition debts – they were ongoing executory contracts with post-petition obligations.

The US Trustee also raised an objection based on the Monthly Operating Report indicating that no pre-petition bills were paid during relevant months. *See* Docket No. 81, p. 9. However, as noted, the payments in question were not payments on pre-petition bills, they were payments on ongoing pre-petition software and web hosting contracts that the Debtor continued to use post-petition.

Cureous' objection also raised an 1129(a)(1) claim, but it stems from other sections of 1129 and is further addressed below. Based on the foregoing, the Debtor asserts that the Plan is in compliance with all of the applicable provisions of the Bankruptcy Code.

2.  <u>11 U.S.C. §1129(a)(2): The proponent of the plan complies with the applicable provisions of this title.</u> The US Trustee's current objection also relates to this section. However, as noted above, the Debtor has addressed this objection in its response to the US Trustee's objection to the compromise, and the Debtor asserts that the objection is sufficiently addressed and overcome there. The Debtor asserts that, based on its explanation and arguments, the Plan is in compliance with this provision of Section 1129.

3.  <u>11 U.S.C. §1129(a)(3):  The plan has been proposed in good faith and not by any means forbidden by law.</u> No party has raised an objection on the basis of this subparagraph, and the Debtor asserts that the Plan meets these requirements.

4.  <u>11 U.S.C. §1129(a)(4):  Any payment made or to be made by the proponent, [or] by the debtor … for services or for costs and expenses in or connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.</u> No party has raised an objection on the basis of this subparagraph, and the Debtor asserts that the Plan meets these requirements.

5.  <u>11 U.S.C. §1129(a)(5):</u>

    a.  <u>11 U.S.C. §1129(a)(5)(A)(i): The proponent of the plan has disclosed the identity of any individual proposed to serve as a successor to the Debtor under the Plan.</u> Cureous' prior objection raised an issue, in the context of the earlier Plan, regarding the Debtor's continued relationship with Jesse Meldru. The Plan discloses the post-confirmation management of the Debtor by Mr. Meldru and the compensation to be proposed to Mr. Meldru. Jesse Meldru provides

services to the Debtor through his company Paramount Consulting, which has waived any pre-petition claim against the Debtor. Accordingly, the Debtor asserts that this earlier objection by Cureous has been addressed in the existing Plan, which meets all the requirements of §1129(a)(5).

   b. <u>11 U.S.C. §1129(a)(5)(A)(ii): The appointment and continuance in the office of the insider is consistent with the interests of creditors and equity security holders and with public policy.</u> The Debtor is an existing non-profit which provides a medical service to patients and care providers throughout the state of Idaho, which proposes to retain its current director, Jesse Meldru" to continue providing services to the Debtor. Mr. Meldru is familiar with the Debtor's operations and billing and is qualified to oversee the continued operations and restructuring of the Debtor. The Debtor believes this is consistent with the interest of creditors and public policy.

   c. <u>11 U.S.C. §1129(a)(5)(B): Disclosure of insiders.</u> The Plan has disclosed the ongoing role of Mr. Meldru. The Plan proposes all post-confirmation issues be performed by the Debtor.

   6. <u>11 U.S.C. §1129(a)(6): Any governmental regulatory commission over rates of the Debtor has approved any rate change provided for in the Plan.</u> To the best of the Debtor's knowledge, no regulatory commission has jurisdiction over any issues involved with confirmation of the Plan and this provision has been satisfied. There was no objection raised to this subsection and this issue is not in dispute.

   7. <u>11 U.S.C. §1129(a)(7): Each impaired class of claims has accepted the plan or will receive under the Plan property of a value as of the effective date of the Plan that is not less than the amount that such holder would receive if the Debtor were liquidated under Chapter 7 of this Title.</u> No party has raised an objection to the Plan based on this subsection. The Debtor asserts

DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT – Page 5

that each class of claims will receive property of a value as of the effective date of the Plan that is not less than the amount that class would receive if the Debtor were liquidated under Chapter 7. Consequently, the Debtor asserts that it meets this section of Section 1129.

8.  <u>11 U.S.C. §1129(a)(8): Each class has either accepted the Plan or is not impaired under the Plan.</u>  As this is a Subchapter V case, this provision of Section 1129 is not required in order to confirm the Plan.  Nonetheless, if the Court approves the compromise with Cureous, the Debtor asserts that this provision will be satisfied through the amended ballots of Cureous and Spur Capital.

9.  <u>11 U.S.C. §1129(a)(9): The Plan provides for payments of administrative and priority claims described in 11 U.S.C. §507(a)(1) through (a)(8).</u>  This Plan provides the treatment specified in §1129(a)(9).  No party has raised an objection based on this subsection.

10.  <u>11 U.S.C. §1129(a)(10): One impaired class voted to accept the plan.</u>  No party has raised an objection specifically based on this subsection.  As indicated above, and on the Debtor's concurrently-filed Ballot Summary, at least one impaired class (Orion) has voted to accept the Plan.  Therefore, this provision is satisfied.  In its prior objection, Cureous objected to the separate classification of Orion.  *See* Docket No. 48, p. 8-10.  Additionally, in its current objection, the US Trustee references the separate classification of Orion without specifically objecting on that basis.  *See* Docket 81, p. 7.  As explained in the Plan, Orion was classified separately due to the tie between the ongoing executory contract between the Debtor and Orion as well as the ongoing Note obligation.  *See* Docket 68, p. 9.  This relationship was further explained in the Stipulation between the Debtor and Orion that led to Orion's consent to the Debtor's Plan.  *See* Docket 68, p. 50-56.  Additionally, the Debtor has amended its schedule of executory contracts to specifically list the

Orion contract. *See* Docket No. 84.[2] Due to the executory contract nature of the Orion/Debtor relationship, the Debtor asserts that separate classification of Orion's claim was proper. Additionally, due to the existence of preference claims and Cureous's assertion of a security interest (even if that security interest was subject to the preference claims), the Debtor asserts that separate classification of Cureous' claims was also proper. Further, because this is a Subchapter V case, this provision of Section 1129 is not required to be met by the Debtor in order to confirm the Plan. Finally, if the compromise with Cureous is approved and Cureous' ballot changes, then arguably all classes voted to accept the Plan.

11. <u>11 U.S.C. §1129(a)(11): Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the plan.</u> The Debtor believes this provision has been satisfied. As outlined in the Plan and supporting documents, the Debtor has put significant effort into projecting its operations and income over the life of the Plan and believes the Plan is feasible and will not lead to liquidation or further reorganization. Further, no party has raised an objection to the plan on this basis.[3]

12. <u>11 U.S.C. §1129(a)(12): Fees payable under 28 U.S.C. §1930 are paid or provided for under the Plan.</u> The plan provides for the payment of the fees contemplated by 11 U.S.C. §1129(a)(12). The Debtor is not aware of any other fees due to the United States Clerk. No party has raised an objection to this provision.

---

[2] Prior to the negotiated Stipulation with Orion, the Debtor was disputing whether all of the Orion obligations were truly an executory contract. Due to the stipulated resolution, the Debtor now concedes that the Orion contract is an executory contract. Nonetheless, the Debtor reserves all rights in the event the Plan is not approved.

[3] As noted above, the US Trustee's earlier feasibility objection (incorporated by Cureous, but not repeated by the US Trustee) was addressed through the amendments made to the Debtor's Plan.

DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT – Page 7

13. <u>11 U.S.C. §1129(a)(13): Continuation of all retiree benefits.</u>  The Debtor is not paying retiree benefits as defined by §1114 of the Bankruptcy Code, and therefore this provision is inapplicable and/or satisfied by the Debtor's Plan.  Further, no party has objected to confirmation based on this provision.

14. <u>11 U.S.C. §1129(a)(14): Domestic support obligations.</u>  This provision is inapplicable as the Debtor does not have domestic support obligations.  Further, no party has raised an objection based on this provision.

15. <u>11 U.S.C. §1129(a)(15):  In an individual debtor's case where a holder of an allowed unsecured claim objects, the value of the property to be distributed under the plan is not less than the amount of such claim or the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor during the five (5) year period beginning on the date the first payment is due under the plan.</u>  This is not an individual debtor case, and therefore this section is inapplicable.  Further, no creditor raised an objection based on this provision.

16. <u>11 U.S.C. §1129(a)(16): All transfers of property of the Plan shall be made in accordance with applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.</u>  The Debtor is not a corporation or a trust fitting this description and therefore this provision is inapplicable and/or satisfied by the debtor.  Further, no party has objected to confirmation based on this provision.

## **11 U.S.C. §1191 ISSUES**

As stated above, the Debtor believes that all provisions of 11 U.S.C. §1129(a) have been satisfied, and if the Court approves the compromise with Cureous, will result in a fully consensual

plan. Therefore, the provisions of 11 U.S.C. §1191(b) may prove inapplicable to confirmation of this Plan. Nevertheless, if the creditors continue to object to confirmation of the Plan, the Debtor asserts that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims and interests that are impaired. Therefore, the Debtor asserts its Plan complies with the fair and equitable requirements of Section 1191(b) and should nevertheless be confirmed as a nonconsensual plan with the Subchapter V Trustee having a continuing role for distribution and monitoring of the Plan (which will, of course, affect the ultimate amount of payments available to general unsecured creditors).

### **MODIFICATIONS TO BE PLACED IN THE ORDER CONFIRMING THE PLAN**

The Debtor anticipates that possible modifications may be placed in the order confirming the Plan as follows:

1. The Debtor maintains an insurance policy provided by Crum & Forster Specialty Insurance Company ("Crum & Forster"). See Proof of Claim No. 4. As outlined in the Plan, to the extent this is an executory contract, the Debtor intends to continue and assume this contract. The Debtor, in consultation with Crum & Forster, requests the following language be included in any order confirming the Plan: "Notwithstanding anything to the contrary in the Plan, Confirmation Order and any related documents to the contrary, the Technology E&O, Cyber and Multimedia Liability Insurance Policy No. TCM-102557 between the Debtor and Crum & Forster Specialty Insurance Company shall be assumed by the Debtor and Crum & Forster Specialty Insurance Company's setoff and recoupment rights, if any, shall be preserved."

## SUMMARY OF 11 U.S.C. §1129 AND §1191 SUBSECTIONS AT ISSUE AT CONFIRMATION

Based on the objections filed, the Debtor asserts that the following provisions of 1129(a) may be at issue for confirmation: (1), (2), (5) and (10), and possibly 1191(b).[4]  However, the Debtor asserts that nearly all of those objections are addressed above and the Plan meets the requirements of all sections for confirmation.  Therefore, the Debtor requests the Court approve the Plan and enter an order accordingly.

## NOTICE OF INTENT TO PRESENT EVIDENCE

Pursuant to Local Bankruptcy Rule 9014.1, the Debtor provides notice of its intent to present evidence and cross-examine witnesses at the confirmation hearing to be held on May 16, 2023.  In the event evidence and testimony are necessary, the Debtor intends to call Jesse Meldru as a witness at that hearing (although the Debtor anticipates all objections will be resolved and evidence supporting confirmation may not be necessary).

DATED this 11th day of May, 2023.

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Debtor in Possession

---

[4] Again, some of these issues will be resolved if the Court approves the Cureous compromise.

DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT – Page 10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2023, I filed the foregoing DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Jaclyn T. Gans | jtg@elamburke.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Nicole C. Hancock | Nicole.hancock@stoel.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Sheila R. Schwager | sschwager@hawleytroxell.com |

Any others as listed on the Court's ECF Notice.

                /s/ Matt Christensen
                Matthew T. Christensen