Matthew W. Grimshaw, #10716
GRIMSHAW LAW GROUP, P.C.
800 W. Main Street, Ste. 1460
Boise, Idaho 83702
(208) 391-7860
matt@grimshawlawgroup.com

Subchapter V Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| In re: | Case No. 22-00355-JMM |
|---|---|
| IDAHO HEALTH DATA EXCHANGE, INC., | Chapter 11 (Subchapter V) |
| Debtor. | |

SUBCHAPTER V TRUSTEE'S RECOMMENDATION
REGARDING CONFIRMATION OF FIRST AMENDED
PLAN AND MOTION TO APPROVE COMPROMISE

In response to (1) Debtor's First Amended Plan of Reorganization, Dkt. 68 ("Plan"); (2) Debtor's Motion for Approval of Compromise (Cureous Innovations), Dkt. 71 ("Compromise Motion"), (3) Cureous Innovations' Conditional Objection to Confirmation of Debtor's Plan ("Cureous Objection"), Dkt. 80, (4) Debtor's Ballot Summary, Dkt. 86; and (5) Debtor's Pre-Confirmation Report ("Report"), Dkt. 87, the Subchapter V Trustee ("Trustee") respectfully states as follows:

Summary of Trustee's Position:

1. The Plan is ready for confirmation. If the Compromise Motion is granted, then the Plan likely satisfies the elements for confirmation under 11 U.S.C. §1191(a). If the Compromise Motion is denied, then the Plan satisfies the elements for confirmation

1
TRUSTEE'S STATEMENT RE: PLAN CONFIRMATION

under 11 U.S.C. §1191(b). Accordingly, the Trustee recommends confirmation.

Compromise Motion:

2.The Trustee recommends granting the Compromise Motion, which resolves Debtor's largest dispute. The Compromise Motion fully explains how, in Debtor's business judgment, the proposed compromise satisfies the elements of the applicable test set forth in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir. 1986). Notably, the United States Trustee ("UST") is the only party that opposed the Compromise Motion, and its opposition was withdrawn. Dkt. 77 & 89.

Confirmation Issues:

3.Two parties objected to confirmation of the Plan— Cureous and the UST. Dkt. 80 & 81. The Cureous Objection is conditional, and only applies if the Compromise Motion is denied. Dkt. 80. The UST withdrew its objection to the Plan. Dkt. 88. Therefore, assuming the Compromise Motion is granted, confirmation of the Plan is unopposed.

4.11 U.S.C. §1190: The Plan contains a brief history of the Debtor's business, a liquidation analysis, and cash flow projections. *See* Plan, pgs. 2-4 & Exs. D & F; 11 U.S.C. §1190(1).

5.The Plan requires that Debtor dedicate all its income to pay creditors. *See* Plan, Article 3.2; 11 U.S.C. §1190(2).

6.11 U.S.C. §1191: The Plan satisfies § 1191.

a.§1191(a): According to the Ballot Summary, the Plan cannot be confirmed under §1191(a). However, the Trustee is informed and believes that, if the Compromise Motion is approved, then Cureous will change its votes. Cureous

asserts a secured claim in the amount of $469,767.83 and an unsecured claim in the amount of $488,342.71. POC 2-1. Therefore, if Cureous' vote regarding Class 1 is changed, then Class 1 will become a consenting class. Similarly, if Cureous' vote regarding Class 3 is changed, then Class 3 will become a consenting class. In other words, the approval of the Compromise Motion is likely to result in the consensual confirmation of the Plan.

      b.    §1191(b): If the Compromise Motion is not granted or the existing votes are not changed, then the Plan can only be confirmed under 11 U.S.C. §1191(b). Admittedly, the Plan does not address the remedies available if there is a default. 11 U.S.C. §§1191(b) and 1191(c)(3)(B). However, given that Debtor is a web-based not-for-profit, it is unclear what remedy could be offered beyond conversion to a chapter 7 proceeding, which is available regardless of whether an express provision is included in the Plan. To the extent necessary, the Trustee proposes that a provision be included in the confirmation order (a) requiring Debtor, on a monthly basis, to provide written confirmation to the Trustee that each required payment has been made and (b) permitting the Trustee to file a notice of default with the court that will result in conversion to a chapter 7 proceeding if two (2) or more consecutive payments are missed. Such a provision would eliminate the expense to creditors of seeking conversion based on a default.

7.    11 U.S.C. §1129: The Plan complies with the requirements of §1129.

      a.    (a)(1). The Trustee believes that the Plan complies with the Bankruptcy Code.

      b.    (a)(2). To the best of Trustee's knowledge, Debtor is complying

with the applicable provisions of the Bankruptcy Code.

      c.      <u>(a)(3)</u>. The Plan appears to have been proposed in good faith. Debtor is seeking to reorganize and provide all creditors with a recovery consistent with the goals of the Bankruptcy Code.

      d.      <u>(a)(4)</u>. The Plan provides for the necessary payments to be made, all of which are subject to the Court's approval. *See* Plan, Article 2.1.

      e.      <u>(a)(5)</u>. The Plan identifies Debtor's post-confirmation management. *See* Plan, Article 2.8.

      f.      <u>(a)(6)</u>. This provision appears inapplicable in this case.

      g.      <u>(a)(7)</u>. The Plan satisfies the best interests of creditors test. According to Debtor's liquidation analysis, creditors will receive at least what they would receive in a chapter 7 proceeding. In a chapter 7 case, assuming the Compromise Motion is denied, unsecured creditors would receive a distribution of approximately 12%. In a chapter 7 case, assuming the Compromise Motion is granted, unsecured creditors would receive a distribution of approximately 24%, which is the amount offered under the Plan.

      h.      <u>(a)(8)</u>. Currently, the Plan does not satisfy this provision, meaning the Plan can only be confirmed under §1191(b). If the Compromise Motion is approved and Cureous changes its vote, then the Plan will satisfy this provision and can be confirmed under §1191(a).

      i.      <u>(a)(9)</u>. The Plan complies with this provision. *See* Plan, Article 2.

      j.      <u>(a)(10)</u>. Currently, the Plan does not satisfy this provision, meaning the Plan can only be confirmed under §1191(b). If the Compromise Motion is

approved and Cureous changes its vote, then the Plan will satisfy this provision and can be confirmed under §1191(a).

        k.        (a)(11). If the Debtor is able to proceed under §1191(a), then the projections attached to the Plan show anticipated income sufficient to satisfy this provision. *See* Plan, Ex. E.

        If the Debtor proceeds under §1191(b), then it must satisfy two feasibility tests—§1129(a)(11) and §1191(c)(3). The projections attached to the Plan show anticipated income that will be used to pay creditors, satisfying §1129(a)(11).

        Regarding §1191(c)(3), it may be difficult for Debtor to show definitively that it will be able to make all payments under the Plan, but Debtor's projections confirm that a reasonable likelihood exists that the payments will be made. Although Debtor has not provided an express remedy for a default, the Trustee proposes an addition to the confirmation order to remedy any potential issues. Specifically, the Trustee proposes that the confirmation order (a) require Debtor, on a monthly basis, to provide written confirmation to the Trustee that each required payment has been made and (b) permit the Trustee to file a notice of default with the court that will result in conversion to a chapter 7 proceeding if two (2) or more consecutive payments are missed.

        l.        (a)(12) – (16). These provisions appear inapplicable in this case.

8.        Potential Modifications: The potential modifications proposed in the Report do not provide an obstacle to confirmation.

/ / /

/ / /

9. In sum, the Trustee recommends that the Court deny confirmation of the Plan and grant the Debtor leave to file an amended plan.

Dated: <u>May 16, 2023</u>              SUBCHAPTER V TRUSTEE

                                        By: <u> /s/ Matthew W. Grimshaw</u>
                                              Matthew W. Grimshaw

<u>CERTIFICATE OF MAILING</u>

I certify that on May 15, 2023, the foregoing *Subchapter V Trustee's Recommendation Regarding Plan Confirmation* was filed electronically through the Bankruptcy Court's CM/ECF filing system, and upon such filing the CM/ECF registered participants in this case were served by electronic means as more fully reflected on the Notice of Electronic Filing.

- US Trustee – ustp.region18.bs.ecf@usdoj.gov
- Matthew T. Christensen – mtc@johnsonmaylaw.com
- Jaclyn T. Gans – jtg@elamburke.com
- Nicole C. Hancock – nicole.hancock@stoel.com
- Jason Naess – jason.r.naess@usdoj.gov
- Shelia R. Schwager – sschwager@hawleytroxell.com
- Matthew W. Grimshaw – matt@grimshawlawgroup.com

<u>/s/ Matthew W. Grimshaw</u>
Matthew W. Grimshaw